[Civ. No. 33924. Second Dist., Div. Two. Oct. 29, 1969.]

WILFORD E. BOLSINGER, Plaintiff and Appellant, v.
CHARLES L. MARR et al., Defendants and Respondents.

**COUNSEL**

Dentzel, Smith & Doctrow and David Y. Smith for Plaintiff and Appellant.

Coskey & Coskey and Hal L. Coskey for Defendants and Respondents.

## OPINION

FLEMING, J.—Bolsinger appeals the dismissal of his action against the Marrs for want of prosecution. (Code Civ. Proc., § 583.) The relevant chronology:

December 1962—Bolsinger filed an action against the Marrs for specific performance, declaratory relief, and damages in connection with a contract for the purchase of real property.

September 1965—The Marrs filed a separate action against Bolsinger to partition the real property involved in Bolsinger's complaint, property assertedly owned by the Marrs and Bolsinger as tenants in common.

April 1966—On Bolsinger's motion the two actions were consolidated.

February 1968—The Marrs dismissed their action, and then moved to dismiss Bolsinger's action. Bolsinger filed a certificate of readiness for trial.

February 1968—The trial court dismissed Bolsinger's action under section 583.

Bolsinger argues that the five-year period of section 583 had not run on his action because the filing of the second action, later consolidated with the first, tolled the running of the five-year period on the first action for two years, thereby extending its termination date from December 1967 to December 1969. From this Bolsinger concludes that his action had been dismissed under the two-year discretionary provision of section 583, and he argues that under the circumstances of the case the dismissal amounted to an abuse of the trial court's discretion.

Bolsinger's argument with repect to the tolling of the five-year period relies principally on *General Motors Corp.* v. *Superior Court,* 65 Cal.2d 88 [52 Cal.Rptr. 460, 416 P.2d 492]. Since this is the latest Supreme Court case dealing with time schedules for bringing consolidated actions to trial, we discuss it in some detail. Two plaintiffs filed an action for personal injuries against General Motors in June 1960. Thereafter one plaintiff died, and in February 1964 the remaining plaintiff and others filed a wrongful death action against General Motors based on the same accident. In December 1964, on plaintiffs' motion, the two actions were consolidated for trial. In September 1965 defendant moved to dismiss the first action on the ground that plaintiff had failed to bring it to trial within five years. The trial court denied the motion to dismiss, and the Supreme Court upheld the denial of the motion. In its opinion the Supreme Court reaffirmed the general rule that actions which have been consolidated for trial continue to receive separate calculation of the time within which each must be brought to trial. (P. 93.) The court also discussed the

implied exceptions to the requirement for mandatory dismissal of actions not brought to trial within five years, exceptions which extend the running of the five-year period in instances when it has become impracticable and futile to bring an action to trial. After reviewing the development of these implied exceptions the court concluded that the concepts of impracticability and futility resist comprehensive definition and are to be applied in the light of the circumstances of the individual case. (Pp. 95-96.) The court then took up the circumstances of the case before it and found two elements of impracticability capable of supporting the trial court's denial of the motion to dismiss.

The first element related to the period of time the second action had been pending. On the consolidation of the second action with the first, said the court, the trial of the consolidated actions became impracticable during the two-year period which followed the filing of the second action. During that period, the court pointed out, plaintiff could not be faulted for not bringing the second action to trial, since every plaintiff is entitled to a minimum of two years to bring any action to trial. Therefore, the court reasoned, a trial of the consolidated actions had become impracticable during the two-year period which followed the filing of the second action in February 1964, and hence the five-year period for bringing the first action to trial had been extended to February 1966.

The court's second element of impracticability derived from the order consolidating the two actions for trial. On consolidation, said the court, it may become impracticable for a period of time to bring consolidated actions to trial because additional time may be required to prepare the consolidated actions for trial. "What constitutes a reasonable time to prepare for the trial of consolidated actions will vary with the peculiar facts of each case." (P. 98.) However, since the first element sufficed to uphold the trial court's refusal to dismiss the action, the court did not undertake to elaborate the question of what constitutes a reasonable period of time to prepare consolidated actions for trial.

It may be seen from *General Motors* that either of two events may create the impracticability required to extend the five-year period within which an action must be brough to trial——the filing of a second action later consolidated with the first, and the entry of the order of consolidation itself. It may be helpful to set out in tabular form the chronology of the *General Motors* cause:

| Date | Action I | Action II |
|------|----------|-----------|
| June 1960 | — Personal injury complaint | |
| Feb. 1964 | | Wrongful death complaint |
| Dec. 1964 | — Consolidation — | |
| JUNE 1965 | Expiration of 5-year period | |
| Sept. 1965 | Motion to dismiss | |
| FEB. 1966 | | Expiration of two-year period |

The specific ruling in *General Motors* extended the five-year period for bringing the personal injury action to trial from June 1965 to February 1966. The court left open the possibility that a further period of extension might be required in order to provide a reasonable time to prepare consolidated actions for trial.

1. ▉▉▉ In the case at bench plaintiff argues that the running of the five-year mandatory dismissal period had been suspended for two years and therefore the end of the five-year period had not been reached. We think plaintiff has misconceived the thrust of the *General Motors* opinion, which specifically rejected the argument that the running of the mandatory dismissal period had been suspended for any fixed length of time. What the case held was that the five-year period would be extended when circumstances made it impracticable and futile to go to trial. To show the contrast with *General Motors* we tabulate the sequence of events at bench:

| Date | Action I | Action II |
|------|----------|-----------|
| Dec. 1962 | — Bolsinger complaint | |
| Sept. 1965 | | Marr complaint |
| April 1966 | — Consolidation — | |
| SEPT. 1967 | | Expiration of two-year period |
| DEC. 1967 | Expiration of 5-year period | |
| Feb. 1968 | Motion to dismiss | |

It may be seen from the above that the element of impracticability which extended the five-year period in General Motors is not present here. In

*General Motors* the mandatory period for bringing the first action to trial was extended from June 1965 to February 1966 by reason of the filing in February 1964 of a second action later consolidated with the first, which, the court concluded, made it impracticable to bring the consolidated actions to trial before the two-year period for the second action had passed. In the case at bench the two-year period for the second action expired in September 1967, three months before the expiration of the five-year period for the first action in December 1967. Thus it had not been impracticable to bring the consolidated actions to trial by reason of the two-year grace period for the second action, and consequently the pendency of the second action did not extend the mandatory five-year dismissal period for the first.

2. A second distinction between *General Motors* and the case at bench lies in the fact that in *General Motors* the same or related parties initiated both actions whereas at bench the original plaintiff brought one action and the original defendant the other. ■ Absent consolidation, it is hornbook law that each of two actions follows its own time schedule. When actions have been consolidated for trial, the status of a defendant's action becomes comparable to that of a cross-complaint in the original proceeding. Here again, both the complaint and the cross-complaint follow a separate time schedule, for the filing of a cross-complaint has no general effect on the period of time within which the complaint must be brought to trial. (*General Motors Corp.* v. *Superior Court, supra,* p. 93; *Tomales Bay etc. Corp.* v. *Superior Court,* 35 Cal.2d 389, 394 [217 P.2d 968]; *Larkin* v. *Superior Court,* 171 Cal. 719, 725-726 [154 P. 841, Ann.Cas. 1917D 670].) ■ As Justice Bray pointed out in *Wiggins* v. *Washington Nat. Life Ins. Co.,* 246 Cal.App.2d 840, 847 [55 Cal.Rptr. 129]: "While it is true that a cross-complainant assumes the role of plaintiff as to the matters set forth in his cross-complaint [citation] that fact does not relieve the plaintiff of the responsibility of bringing the action to trial. ■ As said in *Oberkotter* v. *Spreckels* (1923) 64 Cal.App. 470, 473 [221 P. 698], 'appellant is mistaken in assuming that a defendant must seek to have the action set for trial before he can move its dismissal for want of diligent prosecution. The established doctrine in this state is that it is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step.'

"Plaintiff's contention that because of the cross-complaint it was defendant's duty rather than that of plaintiff to bring the action to trial is well answered by the following langauge in *Wutchumna Water Co.* v. *Stevenson*

(1928) 204 Cal. 191, 192 [267 P. 357]: 'The fact that the defendant had also appeared, seeking affirmative relief by way of cross-complaint and counterclaim did not serve to relieve the plaintiff of the duty cast upon it to promptly prosecute its action, and certainly did not relieve it of the duty of offering upon the hearing of the defendant's motion to dismiss some adequate reason or excuse for the delay.' "

We conclude that the filing of the second action by the Marrs did not relieve Bolsinger of his responsibility for bringing his action to trial within the time limits prescribed by section 583.

3. The final question is whether the second element of impracticability discussed in *General Motors,* the order of consolidation, made necessary an additional period of time to prepare for the trial of consolidated actions and thereby extended the five-year period for bringing the first action to trial. The court in *General Motors* saw no need to specify in detail what a reasonable period of time to prepare for the trial of consolidated actions might be. Nor do we, for here 22 months had elapsed between the order of consolidation and the motion to dismiss, a period of time more than ample to prepare for the trial of consolidated actions involving closely related issues. We conclude that the five-year period for bringing the first action to trial had not been extended by the order of consolidation.

Since the first action was properly dismissed under the mandatory five-year provision of section 583, we do not consider the applicability of the two-year discretionary dismissal provision to the facts of this case.

The order is affirmed.

Roth, P. J., and Wright, J., concurred.