[Civ. No. 38423. First Dist., Div. Three. May 18, 1976.]

SOUTHERN PACIFIC TRANSPORTATION COMPANY, Petitioner, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
JOE EVERS et al., Real Parties in Interest.

434

## COUNSEL

Corrigan & Stephenson, Douglas E. Stephenson and David H. Bremer for Petitioner.

No appearance for Respondent.

Geoffrey Rotwein and George R. Gilmour for Real Parties in Interest.

---

**OPINION**

**BROWN (H. C.), Acting P. J.**—This petition for a writ of prohibition is directed to an order of the Superior Court of Solano County permitting a jury trial in a suit for damages brought under Code of Civil Procedure section 871.1 et seq. by a good faith improver of land owned by petitioner. Real parties filed a complaint alleging that they occupied Southern Pacific property along the Vallejo waterfront for many years and that they made land-fill improvements in good faith belief that they owned the land. Real parties' action was brought pursuant to Code of Civil Procedure section 871.1 et seq., which permits damages and/or other relief to persons who, in good faith, improve property owned by others. Real parties' motion for a jury trial was granted by the Superior Court of Solano County. A writ application by petitioner/defendant, seeking to prohibit trial by a jury, is now before us. The sole issue is the propriety of the granting of the jury trial. Prohibition is the proper proceeding to determine that issue. (See *Pacific Tel. & Tel. Co.* v. *Superior Court,* 265 Cal.App.2d 370 [72 Cal.Rptr. 177].)

Petitioner contends that the good faith improver action originated in courts in equity and that the right to a jury trial therefore does not exist. Real parties assert that in an earlier action petitioner obtained a judgment quieting title to the land in question, and argue that the sole issue now is one of damages,* an issue triable to a jury.

This is a case of first impression. No controlling appellate case has been presented to us, nor do we find one. We have concluded,

---

*Here the real parties in their complaint for relief as good faith improvers pray for damages and "for such other relief as the court may deem proper." Real parties assert that they seek only damages, as the question of title has been determined in quiet title judgment in favor of the petitioner. The wording of the prayer in the complaint "for such other relief as the court may deem proper" is, of course, not a conclusive determination of the relief real parties seek. We recognize that it is customary to include such a clause in complaints wholly legal in nature, and the inclusion does not preclude the action from being tried before a jury. The real question presented relates to the type of relief that could be granted under Code of Civil Procedure section 871.5, not the type of relief prayed for.

based on the general principles governing the right to a jury trial in California and the clear intent of the Legislature in enacting Code of Civil Procedure section 871.1 et seq., that the petition prohibiting the jury trial should be granted.

■ The right to a jury trial is guaranteed by the California Constitution, article I, section 7. This right is that existing at common law at the time the Constitution was adopted. Consequently, the jury trial is a matter of right in a civil action at law, but not in equity. (*People* v. *One 1941 Chevrolet Coupe,* 37 Cal.2d 283, 287 [231 P.2d 832]; Code Civ. Proc., § 592.) "Whether a cause of action is in law or equity is determinable from a consideration of the common law as it existed at the time of its adoption by this state, and 'in the light of such modifications thereof as have taken place under our own system' [citations]; depends in large measure upon the mode of relief to be afforded [citations]; is ascertained from the gist of the action as framed by the pleadings and the facts in the case [citations]; but is not fixed by the prayer or the title. [Citations.]" (*Paularena* v. *Superior Court,* 231 Cal.App.2d 906, 911-912 [42 Cal.Rptr. 366].)

■ When a statutory remedy has been created, which cannot be classified by looking to its counterpart in English practice, the nature of the remedy must be examined to determine if it more clearly resembles a traditional legal, or a traditional equitable, remedy. (See *DeGarmo* v. *Goldman,* 19 Cal.2d 755, 759-760 [123 P.2d 1].)

■ At common law a set-off was available for good faith improvement of property (*Green* v. *Biddle* (1823) 21 U.S. (8 Wheat.) 1 [5 L.Ed. 547]). The provision for set-off originally appeared in California as section 257 of the 1851 Civil Practice Act, and was reenacted as section 741 of the Code of Civil Procedure of 1872 (Merryman, *Improving the Lot of the Trespassing Improver* (1959) 11 Stan.L.Rev. 456, 475.) That provision provided that " 'When damages are claimed for withholding the property recovered, upon which permanent improvements have been made by a defendant, or those under whom he claims, holding under color of title adversely to the claim of the plaintiff, in good faith, the value of such improvements must be allowed as a set-off against such damages.' "

As an addition to the remedy by setoff, a 1953 amendment to the Civil Code provided that the good faith improver had the right to

remove his improvements upon payment of the damages caused by the affixing and removal of the improvements. (Civ. Code, § 1013.5.)

Following the 1967 recommendations of the California Law Revision Commission, the Legislature enacted a third remedy for the good faith improver. Code of Civil Procedure sections 871.1—871.7 provide the improver with the right to bring an original action based upon his improvements. Real parties have brought such an action. Under these sections, relief will not be granted if the court determines that he has an adequate remedy by setoff or by removal of the improvement. The court is directed to take into account any plans the owner of the property might have for use or development of the land (§ 871.4). The court may "effect such an adjustment of the rights, equities, and interests of the good faith improver, the owner of the land, and other interested parties . . . as is consistent with substantial justice to the parties under the circumstances of the particular case." (§ 871.5.)

Because the provisions of sections 871.1—871.7 have no counterpart in English law, classification of the action as either legal or equitable depends upon characterization of the nature of the relief sought. Although real parties assert that they seek damages only, by bringing an action under section 871.3, they have invited the court to "effect such an adjustment of the rights, equities, and interests" of the parties as is consistent with substantial justice. (§ 871.5.) "Under this section, the court has considerable discretion to select appropriate relief from the full range of equitable and legal remedies." (Legislative Committee Comment—Assembly, to § 871.5.)

The fact that damages is one of a full range of possible remedies does not guarantee real parties the right to a jury for their good faith improver action. We recognize that where a complaint raises both legal and equitable issues, a jury trial may be obtained upon the issues raised by the legal cause. (*Connell* v. *Bowes,* 19 Cal.2d 870 [123 P.2d 456].) Here, however, there is no possibility of severing the legal from the equitable. The trier of fact must determine whether to quiet title in the improver on the condition he pay to the landowner the value of the unimproved land, or whether and in what amount, to award damages to the improver, or whether to require a completely different form of relief. (See Legislative Committee Comment—Assembly, to § 871.5.) Such a determination is not susceptible of division into one component to be resolved by the court and another component to be determined by a jury. Only one

decision can be made, and it must make a proper adjustment of the "rights, equities, and interests" of all the parties involved.

Because of the wide range of equitable and legal relief authorized by Code of Civil Procedure section 871.5, it would be an impossible task for a jury to determine the appropriate relief and to resolve the rights, equities, and interests of all of the parties. We cannot believe that the Legislature, by its silence, intended a jury to determine those interests. We have concluded, therefore, that it is the function of the court and not the jury to be the trier of fact in a good faith improver action.

Let peremptory writ of prohibition issue, restraining respondent court from enforcing its orders of October 31, 1975, and January 20, 1975, insofar as they require jury trial for real parties' good faith improver action.

Elkington, J.,* and Emerson, J.,† concurred.

A petition for a rehearing was denied June 17, 1976, and the petition of the real parties in interest for a hearing by the Supreme Court was denied July 15, 1976.

---

*Assigned by the Chairman of the Judicial Council.

†Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.