[No. D004825. Fourth Dist., Div. One. July 24, 1986.]

PHYLLIS A. MULVANY, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
DAVID J. MULVANY, Real Party in Interest.

**COUNSEL**

Porter & Huffman and David M. Huffman for Petitioner.

No appearance for Respondent.

Hunter & Ryan and Daniel B. Hunter for Real Party in Interest.

**OPINION**

**STANIFORTH, J.**—Phyllis A. Mulvany (Phyllis), petitioner, seeks a writ of mandate to compel the trial court to reinstate against real party David J. Mulvany (David) dismissed contempt charges to enforce payment of attorneys' fees in the underlying dissolution action.

The family law court ordered David, among other things, to pay Phyllis's attorneys the sum of $10,000. Phyllis noticed an order to show cause to enforce payment by contempt sanctions. The matter first came on for hearing on April 14, 1986, at which time Phyllis attempted to introduce certain declarations in evidence, David objected, the parties' counsel held a chambers conference and the matter was then continued without objection to April 21. No evidence was actually introduced on April 14.

On April 21, Phyllis's counsel called the court and had the matter taken off calendar. They gave no notice to David or his counsel. There were no appearances and no hearing took place.

Later, on May 5, Phyllis filed a new order to show cause seeking the same attorneys' fees as in the earlier proceeding, as well as additional sums for unpaid spousal support and child support. At the hearing on the augmented order to show cause, the trial judge dismissed the count regarding attorneys' fees. The judge stated these reasons for the ruling: where a contempt matter is set for hearing, the citee and counsel appear at the hearing prepared to go forward,[1] but the matter is taken off calendar by the moving party, who does not appear at the hearing, that removal of the action from calendar is a dismissal of the contempt matter, because "to conclude otherwise in a quasi-criminal action could subject a citee to multiple actions."

In support of this ruling, David argues dismissal of the contempt citation was required both by Penal Code section 1387 and the doctrine of double jeopardy.

No legal authority supports the trial court's ruling. No case that we are aware of, or that has been cited to us, equates the removal of a matter from calendar with such termination of an action as would invoke the provisions of either Penal Code section 1387 or jeopardy principles. Penal Code section 1387 prevents reprosecution of a criminal action under certain stated circumstances following "an order terminating an action pursuant to this chapter." Here, there is no such order. "An off-calendar order is not equivalent to a dismissal and does not divest the court of the jurisdiction which it has acquired." (*Guardianship of Walters* (1951) 37 Cal.2d 239, 244 [231 P.2d 473] and cases there cited; *Guardianship of Lyle* (1946) 77 Cal.App.2d 153, 155-156 [174 P.2d 906].)

Double jeopardy principles prevent retrial of a criminal matter which has been terminated without legal cause after jeopardy has attached, which event normally occurs when the jury is sworn, or, in a court trial, when the first witness is sworn. (E.g., *People* v. *Upshaw* (1974) 13 Cal.3d 29, 32 [117 Cal.Rptr. 668, 528 P.2d 756].) Here, no witnesses were sworn nor testimony offered at the only hearing which took place, on April 14.

Further, although a contempt procedure is said to be "quasi-criminal" in nature, in that criminal sanctions may be imposed, and many safeguards of the criminal law process therefore apply to such procedures, nevertheless the trials of civil contempt enforcement matters are subject to

---

[1] The record does not reflect any appearances on April 21.

the provisions of the Code of Civil Procedure insofar as such rules do not conflict with the citee's due process rights. (See, e.g., *Clark Equipment Co.* v. *Wheat* (1979) 92 Cal.App.3d 503, 526 [154 Cal.Rptr. 874]; *Pacific Tel. & Tel. Co.* v. *Superior Court* (1968) 265 Cal.App.2d 370, 371-372 [72 Cal.Rptr. 177].) Code of Civil Procedure section 581, subdivision (a) permits dismissal of an action at any time before actual commencement of the trial. (See *Datner* v. *Mann Theatres Corp.* (1983) 145 Cal.App.3d 768, 771 [193 Cal.Rptr. 676].) A trial commences with the swearing of the first witness or the admission in evidence of the first exhibit. (Evid. Code, § 12, subd. (b)(1).) Accordingly, by analogy, the contempt citation here could have been dismissed and refiled after the aborted April 14 hearing. ■ It follows the action could likewise have been taken off calendar and then replaced.

We express no opinion as to whether the removal of the matter from calendar without notice to David and his counsel warranted imposition of some sanctions under local rules or otherwise. The record does not contain any facts regarding the nature of the inconvenience suffered, nor does it support the trial judge's finding that the citee (David) "appeared" on April 21. In any case, dismissal of the action to enforce payment of $10,000 in attorneys' fees was not an appropriate sanction.

An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a writ of mandate issue ordering the trial court to vacate its order dismissing contempt charges against real party and to permit petitioner to proceed against real party on those charges.

Kremer, P. J., and Wiener, J., concurred.