Filed 4/23/21  Dounel v. Duel CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| AMIR DOUNEL, | |
| Plaintiff and Appellant, | G058116 |
| v. | (Super. Ct. No. 30-2013-00632134) |
| EBRAHIM DUEL et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Derek W. Hunt, Judge.  Reversed.

Lyle R. Mink for Plaintiff and Appellant.

Berokim & Duel and Kousha Berokim for Defendants and Respondents.

\*          \*          \*

Plaintiff Amir Dounel appeals from a judgment in favor of defendants Ebrahim Duel, Helda Duel, David Duel, Duel Family Limited Partnership and 3211 East Mandeville, LLC (collectively Duel). Dounel had asserted legal and equitable claims against Duel, but the trial court dismissed the legal claims for failure to bring them to trial within five years. Following a court trial on the equitable claims, the court found in favor of Duel. Dounel contends the judgment must be reversed because the trial court erred in denying him his constitutional right to a jury trial. As explained below, we conclude the trial court erred in dismissing Dounel's legal claims. We also conclude a full reversal is warranted because the equitable claims are factually intertwined with the legal claims and Dounel was denied an opportunity to preserve his right to a jury trial. Accordingly, we reverse.

I

FACTUAL AND PROCEDURAL BACKGROUND

On February 21, 2013, Dounel filed a complaint alleging causes of action for: (1) breach of oral contract, (2) breach of fiduciary duty, (3) dissolution of partnership, and (4) partition of real property. The complaint alleged Dounel and Duel entered into an oral partnership agreement to own and operate a business related to two real properties. Under the agreement, Dounel would have a one-quarter interest in one property and a one-third interest in the other. Duel would rent the properties and pay Dounel his share of the net profits. The complaint alleged Duel breached the partnership agreement and breached his fiduciary duty as a partner by failing to pay Dounel or to provide an accounting. It also asserted the partnership should be dissolved because Duel's breaches made it "not reasonably practical to carry on the business in partnership." As to the claim for partition of real properties, the complaint alleged Dounel became a co-owner in the properties via two grant deeds executed by Duel, which granted Dounel an interest in the properties in the same proportion as the partnership

2

agreement. As a co-owner, Dounel sought partition to preserve his rights and because a division in kind was not possible. On the legal claims for breach of oral contract and breach of fiduciary duty, Dounel sought at least $1 million in damages, plus punitive damages. On the equitable claims, Dounel sought dissolution of the partnership, an accounting, appointment of a receiver, and partition of the real properties.

On November 26, 2018, the trial court, sua sponte, dismissed without prejudice all legal claims pursuant to the five-year statute of limitations set forth in Code of Civil Procedure section 583.310.[1] The court ordered the remaining claims tried in two phases: Phase 1 would be a "jury trial" on the existence of and potential dissolution of oral partnership, and Phase 2 would be on the partition of real properties.

On April 2, 2019, Dounel filed a "Memorandum of Points and Authorities Regarding Jury Trial on Existence of Partnership." In the memorandum, Dounel noted that at the March 15, 2019, hearing on Duel's motion for judgment on the pleadings, the issue was raised whether there would be a jury trial on the existence of the oral partnership alleged in the complaint. Dounel argued he was entitled to a jury trial on the issue for two reasons. First, the "legal issue of the existence of a partnership" is not barred by the five-year statute of limitations of section 583.310 because Duel had stipulated to a section 583.310 waiver. Second, the existence of a partnership is a question of fact for the jury or the court sitting as a jury (see *Oscar Krenz Copper & Brass Works, Inc. v. England* (1930) 109 Cal.App. 747, 751), and since he (Dounel) demanded a jury trial and posted the required jury fees, he was entitled to a jury trial on the issue.

On April 8, 2019, following arguments, the trial court ruled it would hold a court trial on the issue of partnership. Following the court trial, the court found no partnership was formed. On May 6, 2019, Duel served Dounel with a proposed judgment

---

[1] All further undesignated statutory references are to the Code of Civil Procedure, unless otherwise designated.

granting judgment in Duel's favor on both the claims for "Existence of and Potential Dissolution of Oral Partnership and Partition of Real Properties." The proposed statement also declared the recording of the grant deeds – which had granted Dounel legal title to the properties – were null, void, and ineffective. Dounel objected to the proposed judgment, arguing (1) no judgment could be entered because he had requested a statement of decision, which had not been issued, and (2) the court never tried the issue of partition.

Dounel also moved for a new trial, arguing, among other grounds, that the trial court prejudicially erred in dismissing the legal claims pursuant to the five-year statute in section 583.310. Dounel argued the parties had stipulated to waive the five-year statute, and the written waiver was "attached to defendants' ex parte application to continue the 2/5/18 trial date (which application was filed with the court on 1/26/18)."

Subsequently, the trial court issued a statement of decision. The court noted it was assigned the case on October 30, 2018, and briefly discussed its dismissal of the legal claims on November 26, 2018. "In its pre-trial [sic] ruling on the 5-year statute, the court had to address whether some causes of action would nevertheless legitimately survive the expiration of that law if the subject matter still required resolution. This will happen most frequently in equity cases . . . . By contrast causes of action at law are generally more vulnerable to the 5-year statute. Consequently, several times before trial got underway, most thoroughly on October 30, and November 26, 2018, the court had expressly discussed this subject on the record with counsel, including its remark that a jury might not be available."[2]

In its statement of decision, the trial court stated the case was not a title case. Rather, the evidence of the recorded grant deeds were admitted to prove the existence of the partnership. After recounting the trial evidence, the court concluded

_____

[2] The trial court noted that Dounel's current attorney Mink had substituted into the case on November 28, 2018, after the withdrawal of Dounel's longtime earlier lawyer.

4

Dounel failed to prove the existence of an oral partnership. The court then entered judgment in favor of Duel on the partition and dissolution claims, consistent with the proposed judgment, except it struck the declarations that the recording of the grant deeds were null, void and ineffective.

At the July 12, 2019, hearing on Dounel's new trial motion, the trial court stated it would not grant a new trial on the basis the legal claims were dismissed under the five-year statute. The court recalled that it dismissed the claims pursuant to the reasoning and holding in *Bolsinger v. Marr* (1969) 1 Cal.App.3d 267 (*Bolsinger*), and *Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081 (*Gaines*). It could not recall prior counsel discussing the five-year statue. The court also noted trial counsel never asked it to reconsider the dismissal order. Finally, the court stated it could not locate the written stipulated waiver in the court records.

Duel sought to amend the judgment to address Duel's purported ownership interest in the two real properties, arguing the partition claim sought to partition the two properties. The court disagreed, stating the partition claim was for partition of the assets of the partnership. It denied the motion to amend the judgment.


II

DISCUSSION

Dounel contends the trial court erred in dismissing his legal claims and denying him his constitutional right to a jury trial. (See Cal. Const., art. I, § 16 ["Trial by jury is an inviolate right and shall be secured to all . . . ."].) As noted above, Dounel alleged legal and equitable claims in his complaint. The trial court, however, dismissed only the legal claims pursuant to the five-year limitations period in section 583.310. Section 583.360, subdivision (a), provides that "[a]n action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article." Section 583.110

5

defines an "'[A]ction'" as including "an action commenced by cross-complaint or other pleading that asserts a cause of action or claim for relief." Thus, for the purposes of section 583.360, an action is not the same as a cause of action. (*Nassif v. Municipal Court* (1989) 214 Cal.App.3d 1294, 1298 ["An action is not limited to the complaint but refers to the entire judicial proceeding at least through judgment and is generally considered synonymous with 'suit'"].) Pursuant to section 583.360, a trial court only can dismiss an entire action, not individual causes of action asserted in a complaint.

*Gaines*, *supra*, 62 Cal.4th 1081, and *Bolsinger*, *supra*, 1 Cal.App.3d 267, do not support partial dismissal of an action. Indeed, in both cases, the entire action was dismissed. (See *Gaines*, at p. 1087; *Bolsinger*, at p. 269.) The cases also do not discuss partial dismissal. Rather, they discussed what circumstances would toll the five-year statute. (See *Gaines*, at p. 1094 [stipulated request for continuance of trial did not toll five-year statute]; *Bolsinger*, at p. 272 [filing of second action, cross-complaint and consolidation order did not toll five-year statute of limitations].)

The only recognized exception to a complete dismissal is where the plaintiff amends his or her complaint to allege a new cause of action that does not relate back to the original cause of action. Because the new cause of action could have been brought in a new suit, the cause of action is subject to a different five-year period. (*Brumley v. FDCC California, Inc.* (2007) 156 Cal.App.4th 312, 325-326.) *Brumley* is inapplicable here because the legal and equitable claims were asserted in the original complaint, and the claims involve the same set of operative facts between the same defendants. Accordingly, the trial court acted in excess of its authority and abused its discretion in dismissing only the legal claims. (See *Van Keulen v. Cathay Pacific Airways, Ltd.* (2008) 162 Cal.App.4th 122, 131 [appellate court reviews a trial court's order granting dismissal for dilatory prosecution for an abuse of discretion]; *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 393

6

["'Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion'"].)

The trial court's erroneous dismissal of the legal claims prejudicially denied Dounel his constitutional right to a jury trial on the legal claims. "As a general proposition, '[T]he jury trial is a matter of right in a civil action at law, but not in equity.'" (*C & K Engineering Contractors v. Amber Steel Co.* (1978) 23 Cal.3d 1, 8, quoting *Southern Pac. Transportation Co. v. Superior Court* (1976) 58 Cal.App.3d 433, 436.) "A jury trial must be granted where the gist of the action is legal." (*People v. One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283, 299; see § 592 ["In actions for . . . breach of contract, . . . an issue of fact must be tried by a jury, unless a jury trial is waived"].) "Denial of the right to a jury trial is reversible error per se, and no showing of prejudice is required of a party who lost at trial." (*Valley Crest Landscape Development, Inc. v. Mission Pools of Escondido, Inc.* (2015) 238 Cal.App.4th 468, 493.)

Dounel also is entitled to a new trial on the equitable claims for several reasons. First, on the partition claim, the record suggests the trial court tried a different claim than was alleged in the complaint. While the complaint sought partition of real properties based on Dounel's status as a co-owner with legal title to the properties, the trial court stated the claim was for partition of partnership assets. Second, "[a]n appellate court may reverse a judgment in part and order a retrial of a single issue if it is distinct and severable from the remaining issues. But where a limited retrial might be prejudicial to either party, failure to grant a new trial on all related issues is an abuse of discretion." (*Curties v. Hill Top Developers, Inc.* (1993) 14 Cal.App.4th 1651, 1656-1657.) Here, the equitable claims are factually intertwined with and related to the legal claims. Dounel sought dissolution of the partnership because of Duel's purported breaches of the oral partnership contract, and Dounel testified he acquired legal title to the properties because of the partnership. (See, e.g., *Unilogic, Inc. v. Burroughs Corp.* (1992) 10 Cal.App.4th 612, 622-623 [plaintiff was entitled to jury trial where defendant's equitable defense was

intertwined with the plaintiff's legal claims and raised questions of fact and credibility properly submitted to a jury].)  Moreover, Dounel consistently has sought a jury trial on all his claims.  Had the trial court not erroneously dismissed the legal claims, Dounel would have had the opportunity to preserve his right to a jury trial by abandoning the equitable claims.  (See *Raedeke v. Gibraltar Sav. & Loan Assn.* (1974) 10 Cal.3d 665, 671 [plaintiffs properly preserved right to jury trial by abandoning their equitable remedy once trial court announced its intention to try the equitable issues first].)

III

DISPOSITION

The judgment is reversed.  Dounel is entitled to his costs on appeal.

MOORE, ACTING P.J.

WE CONCUR:

THOMPSON, J.

GOETHALS, J.

8