[Crim. No. 17682. In Bank. Dec. 5, 1974.]

THE PEOPLE, Plaintiff and Appellant, v.
JOE DAVID UPSHAW, Defendant and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Roger E. Venturi and W. Scott Thorpe, Deputy Attorneys General, for Plaintiff and Appellant.

Raul A. Ramirez, under appointment by the Supreme Court, for Defendant and Respondent.

**OPINION**

**MOSK, J.**—The Attorney General appeals from an order dismissing a prosecution for the sale of heroin (former Health & Saf. Code, § 11501; now § 11352) on the ground the defendant had been once in jeopardy. (Cal. Const., art. I, § 15; Pen. Code, § 1016, subd. 5.) He contends the court properly accepted defendant's voluntary and intelligent waiver of a jury trial despite defense counsel's objection to the waiver and despite the requirement of article I, section 16, of the California Constitution that defense counsel agree to such a waiver.[1] He also argues that certain statements by defense counsel, together with counsel's failure to object when a mistrial was declared, bar the defense of once in jeopardy. We conclude the dismissal was proper and affirm the order.

When the case originally was called for trial defendant personally indicated *in camera* that he chose to waive a jury. Defense counsel made clear, however, that he was opposed to the waiver and to an apparent desire of defendant to deny certain prior convictions alleged in the indictment.[2]

---

[1]At the time this case was argued the appropriate constitutional provision was article I, section 7. Its number was changed by vote of the people on November 5, 1974.

[2]Defense counsel told the judge: "My preparation of this case was based on my understanding that the priors would be admitted; that the matter would be brought before a jury trial. With all due respect for Mr. Upshaw's obvious constitutional rights, I cannot in good conscience as counsel for Mr. Upshaw allow him to . . . waive his trial by jury. What [the] Court will do or not is up to the Court. I'm merely relating to the Court my feelings . . . . I do not believe in good conscience that [defendant] has the understanding of the law to make a knowing waiver of his trial by jury or in regard to his denial of the priors, your Honor. I respectfully request at this time that he not be allowed to waive trial by jury, and I am afraid I cannot make such a request with regard to the priors since obviously, there are certain rights involved, which must be waived if the priors are to be admitted, but I would need a Court ruling at this time as to whether the Court accepts Mr. Upshaw's decision or my own."

The deputy district attorney declared he was prepared to proceed as the court might direct; he stated he was required to concur in the waiver, and believed the defense attorney was also.[3] Defense counsel responded that he did not have to concur and went on record as objecting to the waiver; ultimately, of course, he became resigned to the ruling of the court.[4] After questioning defendant to determine whether he comprehended the import of such a waiver, the court granted his request and dismissed the prospective jurors. The first witness was later sworn and began to testify before the court.

The next day, however, the district attorney called the court's attention to article I, section 7, of the California Constitution, which at that time conditioned a waiver of jury trial upon the consent of both defendant and his counsel.[5] Realizing the attempted waiver was invalid, the court on its own motion declared a mistrial and transferred the case to another department for a new trial date. Defense counsel thereafter raised the plea of once in jeopardy (Pen. Code, § 1016, subd. 5) and asked that all charges be dropped. A hearing on the issue of jeopardy was held and the case dismissed pursuant to the plea.

■ The dismissal was proper. A person is in legal jeopardy for an offense when placed on trial on a valid accusatory pleading before a competent court with a jury duly impaneled and sworn; or, if the trial is by the court, when the trial is "entered upon." (*Richard M.* v. *Superior Court* (1971) 4 Cal.3d 370, 376 [93 Cal.Rptr. 752, 482 P.2d 664]; *People* v. *Hernandez* (1967) 250 Cal.App.2d 842, 848 [58 Cal.Rptr. 835].) A court trial is "entered upon" when the first witness is sworn. (*Richard M.* v.

[3]The deputy district attorney stated: "Well, your Honor, we're prepared to go forward in any manner the Court feels appropriate. We have to, of course, concur in the waiver of jury trial, and I believe the defense attorney does too." He subsequently agreed to the waiver.

[4]Defense counsel responded: "Well, your Honor, I don't have to concur. I go on the record as objecting to Mr. Upshaw's waiving this jury trial. In fact, I do go on the record as objecting to it. I don't believe he is competent to waive a jury trial or know the results or possible conclusions that might come about. However, if that is what he desires and the Court finds him so competent to waive jury trial, that is a ruling of the Court. . . ."

[5]At that time article I, section 7, provided in part: "A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel, and in civil actions by the consent of the parties, signified in such manner as may be prescribed by law." Article I, section 16, now reads in part: "A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel." Consent of the prosecutor is also necessary before a waiver is effective. (*People* v. *Terry* (1970) 2 Cal.3d 362, 377 [85 Cal.Rptr. 409, 466 P.2d 961].) In the case at bar that consent was given. (Fn. 3, *ante.*)

*Superior Court, supra; People* v. *Sturdy* (1965) 235 Cal.App.2d 306, 314 [45 Cal.Rptr. 203].) Since the first witness was sworn and began to testify, under the foregoing rules it is clear that defendant Upshaw was placed in jeopardy.

After jeopardy attached no mistrial could be declared without defendant's consent, except in limited instances of legal necessity. (*Curry* v. *Superior Court* (1970) 2 Cal.3d 707, 717-718 [87 Cal.Rptr. 361, 470 P.2d 345].) Legal necessity arises from an inability of the jury to agree or from physical causes beyond the control of the court, such as death, illness, or absence of a judge or juror. (*Id.,* at pp. 713-714.) Mere error of law or procedure does not constitute legal necessity. (*Id.,* at p. 714.) Since there was no legal necessity and defendant gave no consent, he may not be placed in jeopardy a second time.

■ The Attorney General contends, however, that in view of the court's determination that defendant waived a jury voluntarily and with sufficient knowledge of the consequences of his act, it was proper to accept the waiver despite the objection of defense counsel and the language of article I, section 16.[6] The sole authority cited in support of this contention is *People* v. *Vaughn* (1973) 9 Cal.3d 321 [107 Cal.Rptr. 318, 508 P.2d 318]. *Vaughn* dealt with guilty pleas, and is readily distinguishable.

In that case we reasoned that under section 1018 of the Penal Code as it was then phrased the decision to plead guilty was a personal choice of the defendant, and that it was therefore permissible for a court to accept the defendant's voluntary and informed guilty plea over objection of defense counsel appointed solely to advise him relative to the plea, the defendant having theretofore appeared in propria persona. (*Id.,* at pp. 327-328.)[7] The Attorney General submits that since a plea of guilty includes a waiver of jury trial, the rationale of *Vaughn* is applicable to the case at bar.

We cannot agree. While it is true that a guilty plea obviates the need

---

[6]It is curious that the Attorney General advances this argument, for if adopted it would defeat his underlying position: if the original ruling accepting the waiver was proper the trial court would have had no rationale whatever for declaring a mistrial. We discuss the point only because it is a principal contention raised in the Attorney General's brief.

[7]Section 1018 stated in part that unless otherwise provided by law, every plea must be put in by the defendant himself in open court and that no plea of guilty to a felony for which the maximum penalty is death or life imprisonment without possibility of parole shall be received from a defendant who does not appear with counsel. The section has since been amended to require the consent of the defendant's counsel to such pleas as well. (Stats. 1973, ch. 719, § 11.)

for a jury trial, the crucial circumstance here is the mandatory language of article I, section 16, which specifically provides that defense counsel must consent to the jury waiver. (Fn. 5, *ante*.) Its command is thus unlike any mere statutory provision upon which *Vaughn* relied.

The Attorney General alternatively argues that a party is estopped from asserting on appeal an error which was invited or provoked by him or his counsel. (*People* v. *Katzman* (1968) 258 Cal.App.2d 777, 792 [66 Cal.Rptr. 319]; *People* v. *Darmiento* (1966) 243 Cal.App.2d 358, 368 [52 Cal.Rptr. 428].) He submits that a logical extension of this doctrine is that a defendant cannot assert the plea of once in jeopardy when the conduct of defense counsel led the trial judge into committing the original error. His theory is that counsel in this case misstated the law by asserting he need not consent to the jury waiver, and thereby invited the error; hence the defense of double jeopardy should be deemed waived.

We reject this reasoning. The charge that defense counsel misled the trial court is not supported by the record. Even if the record could be so interpreted, however, the result here would be the same. ■ The purpose of the constitutional provision against double jeopardy is to prevent harassment of a defendant by repeated trials on the same criminal charge. (*People* v. *Valenti* (1957) 49 Cal.2d 199, 209 [316 P.2d 633].) This purpose would be frustrated were we to allow remarks of counsel, even if legally untenable, to result in a vicarious waiver by the defendant of his constitutional protection against double jeopardy.

■ In a related argument the Attorney General submits that when actions of defense counsel invite the error which causes the mistrial, the defense of double jeopardy is waived if neither defendant nor counsel objects when a mistrial is declared. We have previously held a defendant is under no duty to object to declaration of a mistrial. (*Curry* v. *Superior Court, supra,* at p. 713.) Because of the historic importance of the constitutional protection against double jeopardy, neither the action nor silence of defense counsel here furnish any reason to retreat from this rule.

The order is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Sullivan, J., Clark, J., and Burke, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.