584 P.2d 1236

The STATE of Idaho, Plaintiff-Appellant,

v.

James P. MURPHY, Defendant-Respondent.

The STATE of Idaho, Plaintiff-Appellant,

v.

Steve J. OLSON, Defendant-Respondent.

Nos. 12473, 12474.

Supreme Court of Idaho.

Oct. 3, 1978.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, James W. Blaine, Deputy Attys. Gen., Boise, for plaintiff-appellant.

Paul T. Clark of Blake, Feeney & Clark, Lewiston, for Murphy.

Manderson L. Miles, Jr., of Knowlton & Miles, Lewiston, for Olson.

DONALDSON, Justice.

Pursuant to I.C. § 19-2804(1), we review on appeal the district court's granting of defendants', Murphy and Olson, motions to dismiss the state's informations against them for delivery of a controlled substance, a felony, I.C. § 37-2732(a). The state filed these appeals on December 30, 1976. Idaho Code § 19-2804 was in effect at that time and applies to this appeal.

■ Idaho Code § 19-2804(1) allows the state to appeal "[f]rom a judgment for the defendant on a demurrer to the indictment." Although I.C.R. 12(a) abolishes demurrers, this Court has held that the state can appeal under I.C. § 19-2804(1) from motions to dismiss which raise defenses and objections which were formerly grounds for demurrer. *State v. Blair*, 97 Idaho 646, 647, 551 P.2d 601 (1976); *State v. Jennings*, 95 Idaho 724, 727, 518 P.2d 1186, 1189 (1974).

■ Idaho Code § 19-1703 provides in part that "[t]he defendant may demurrer to the indictment when it appears upon the face thereof . . . that the indictment contains any matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution." Because the Nez Perce Prosecuting Attorney's office swore out criminal informations against defendants Murphy and Olson on September 8 and October 6, 1976 respectively for an alleged sale of heroin stated in the informations to have occurred on August 30, 1975, the informations, on their faces, contain the issue of preindictment delay. This issue may serve as a legal bar to prosecution of both defendants within the meaning of I.C. § 19-1703(5). Therefore the motions to dismiss which were based on the preindictment delay raise an objection which was formerly a

ground for demurrer. The state may appeal the trial court's granting of the motions to dismiss.

Turning to the merits of this case, the underlying facts are as follows.

On August 30, 1975 defendants allegedly sold a small quantity of heroin to special agent Edward J. Van Winkle of the Idaho Department of Law Enforcement, Bureau of Narcotics, and a confidential informant, Sonny McKean, in Lewiston, Idaho. Van Winkle made this purchase as part of an investigation in Nez Perce County which the Bureau of Narcotics had begun sometime prior to August 30, 1975.

Sometime after this alleged sale, Terry Perkins, an agent of the Bureau of Narcotics, informed the Nez Perce County Prosecutor's Office of the Bureau's investigation in Nez Perce County. When agent Perkins contacted the Nez Perce Prosecutor's Office, it is unclear whether he informed that office of the particular facts of the case against defendants Olson and Murphy. The record does indicate that at that time the Bureau determined that if it drew complaints against these defendants prior to May 1, 1976, there would be a possibility of danger to the lives and property of special agent Van Winkle and all special agents involved in the covert activities and investigation in Nez Perce County.

On May 12, 1976, some eight months after the alleged sale, Terry Perkins of the Bureau of Narcotics filed two separate complaints against the defendants alleging that they committed the crime of delivery of a controlled substance. Pursuant to warrants issued on May 12, 1976, defendants Murphy and Olson were arrested on August 8, 1976, and September 12, 1976 respectively. Magistrates of the Second Judicial District held preliminary hearings in September, 1976 and found that there was probable cause to believe that the alleged crimes were committed and that the defendants committed them. Upon arraignment the Nez Perce Prosecuting Attorney's Office filed informations against defendants Murphy and Olson on September 8, 1976 and October 6,

1976 respectively. Subsequently, but prior to trial, each defendant filed a motion to dismiss arguing primarily that they were denied due process of law and a speedy trial because of the eight month lapse from the time that they allegedly committed the crime and the time of filing the criminal complaints.

The district judge granted defendant's motions on December 1, 1976.

As presented by counsel, the principal issue before us here is preaccusatory delay, not whether defendants were denied speedy trials under the sixth amendment. *United States v. Lovasco, Sr.,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) makes it clear that pre-accusatory delay as far as the speedy trial clause of the sixth amendment is concerned is wholly irrelevant since "a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections" of that provision. *Id.* at 320, 92 S.Ct. at 463. The United States Supreme Court in *Marion* went on to note that statutes of limitation, which provide predictable, legislatively enacted limits on prosecutorial delay, provide "the primary guarantee against bringing overly stale criminal charges." *Id.* at 322, 92 S.Ct. at 464, *quoting United States v. Ewell,* 383 U.S. 116, 122, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); *United States v. Lovasco, supra,* 431 U.S. at 788, 97 S.Ct. 2044. The court did acknowledge however that statutes of limitation do not fully define defendants' rights with respect to the events occurring prior to the indictment, *United States v. Marion, supra,* 404 U.S. at 324, 92 S.Ct. 455, and that the due process clause has a limited role to play against oppressive delay.

■ In *Marion* the Supreme Court established the criteria for determining whether preaccusation delay amounts to a denial of due process of law. Idaho adopted this criteria in *State v. Wilbanks,* 95 Idaho 346, 509 P.2d 331 (1973). Before a due process violation can be found, a defendant must show that the preaccusation delay ". . . caused substantial prejudice to [defendants'] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." *United States v. Marion, supra,* 404 U.S. at 324, 92 S.Ct. at 465.

The Court also noted in *Wilbanks* that a defendant could prove substantial prejudice by a showing of such things as dimming of memories, disappearance of witnesses and loss of evidence. The defendant in *Wilbanks* had claimed prejudice based on dimming memories. But the Court concluded that the alleged dimming of defendant's memory by itself was not a sufficient basis for finding substantial prejudice. *Wilbanks* had made no showing of loss of evidence, inaccessible witnesses, or what the inaccessible witnesses would have testified to had they been available. Further, *Wilbanks* presented no solid evidence that the prosecution's conduct was "an intentional device to gain tactical advantage" over him. This Court concluded that the defendant failed to show that he was denied due process of law by virtue of the preaccusation delay.

■ Based on *Wilbanks,* we conclude that it was error for the district court to grant defendants' motions to dismiss, as the record below contains no showing, other than bare conclusions, that the delay substantially prejudiced either defendant and that the delay was a tactical device on the part of the prosecution.[1]

■ We acknowledge that a determination as to whether there has been substantial prejudice to a defendant involves a delicate judgment based on the circum-

1. There is a split of authority on the question of whether a defendant must show both substantial prejudice and that the delay was a tactical device on the part of the prosecution or whether a showing of either substantial prejudice or delay for tactical purposes is sufficient. See *United States v. Alderman,* 423 F.Supp. 847

(D.Md.1976) (review of federal court interpretations). The language in *State v. Wilbanks, supra,* makes it clear that Idaho has adopted the two pronged analysis requiring the defendant to show both substantial prejudice *and* delay for tactical purposes.

stances of each case. *United States v. Marion, supra* at 325, 92 S.Ct. 455. But it is incumbent upon a defendant to affirmatively show actual prejudice and the effect of that prejudice upon his ability to present a defense. The latter proof must be definite and not speculative. *United States v. Mays,* 549 F.2d 670, 677 (9th Cir. 1977).

Defendants' only references to sources of possible impairment of their ability to defend due to preaccusation delay are contained in their respective motions to dismiss. Defendant Murphy's motion to dismiss states only that the defendant was prejudiced "by the long and unjustified delay by the state in that the offense for which defendant was arrested occurred August 30, 1975, but that defendant was not arrested therefore until August 8, 1976." Defendant Olson's motion to dismiss states only a conclusion "that defendant was denied due process resulting from the unjustified and long delay between the time that the alleged incident underlying the charges occurred and the time of filing of the criminal complaint." These conclusions of prejudice are not sufficient to establish substantial prejudice. Even if we consider respondents' contention that two witnesses would be unavailable to testify at trial, we cannot conclude that defendants have shown substantial prejudice. Defendants have made no showing that the preaccusation delay made two witnesses unavailable. Nor have they shown what these witnesses could have proved had they been available.

■ We cannot conclude from the record that the conduct of the prosecution was an intentional device to gain tactical advantage over the defendants. As in *Wilbanks* we will not infer the motives of the prosecution from what is little more than the bare recital of the events between the defendants' arrests and the filing of the informations. *State v. Wilbanks, supra,* 95 Idaho at 352, 509 P.2d 331.

Respondents base their due process argument to a significant extent on *Ross v. United States,* 121 U.S.App.D.C. 233, 349 F.2d 210 (1965). That reliance is misplaced. *Ross* represents the District of Columbia

Circuit Court's development of a special line of cases applying *Marion* to delays in indictment in drug cases when the government is purposefully attempting to protect undercover agents involved in other cases. E. g. *United States v. Robinson,* 148 U.S.App. D.C. 140, 459 F.2d 1164 (1972); *Woody v. United States,* 125 U.S.App.D.C. 192, 370 F.2d 214 (1966). In these cases the Court of Appeals has required a detailed judicial exploration of the underlying reasons for delays of over four months between an undercover agent's detection of a narcotics offense and notice to the accused that he will be charged if the defendant has come forward with a plausible claim of prejudice. The prejudice may relate to the defendant's ability to present his defense (unavailability of witnesses or dimming memories) or to the reliability of the government's evidence (as where the undercover agent had to refresh his memory in order to testify to events leading to arrest).

While the facts of *Ross* are very similar to the appeal now before this Court, we decline to follow its analysis. *United States v. Marion, supra,* as adopted in Idaho in *State v. Wilbanks, supra,* controls our analysis.

Defendants also contend that they suffered substantial prejudice because it was the Department of Law Enforcement, rather than the prosecuting attorney's office which made the decision when to file criminal complaints against these two defendants. They argue that the Department of Law Enforcement should not have the discretion to decide when to prosecute and that that discretion is vested with the prosecuting attorneys in Idaho. They suggest the Department of Law Enforcement had the duty to fully inform the prosecuting attorney of the facts that gave rise to this case when those facts became known to that department (August 30, 1975) rather than retaining those facts until some eight months later.

■ We find no impropriety in the actions of the Bureau of Narcotics as presented in this record. Nor can we say that the prosecuting attorney abused his discretion

**516**

by failing to pursue criminal complaints against them when he first received information of the Bureau of Narcotics' investigation. *State v. Wilbanks, supra*; I.C. § 19–1306. The prosecuting Attorney's office apparently decided not to file complaints in deference to the Bureau's determination that the filing of complaints against these two defendants would possibly endanger the lives and property of all special agents connected to the investigation.

 It appears that respondents' contend that only a prosecuting attorney may file a criminal complaint. If such is their contention, it is erroneous. Idaho's law provides that a warrant for arrest may be issued upon a complaint filed upon information by a private citizen if the magistrate, after investigation, is satisfied that the offense has been committed. *Howard v. Felton*, 85 Idaho 286, 293, 379 P.2d 414, 418 (1963); I.C. § 19–501. Hence, upon proper proceedings before a magistrate someone other than a prosecutor may file a complaint. It is immaterial whether that person is acting as a private citizen or for or on behalf of a public officer. *Clark v. Meehl*, 98 Idaho 641, 570 P.2d 1331 (1977).

In summary we find no denial of respondents' rights to due process of law. Nor do we find any impropriety in the Bureau of Narcotics' decision to file complaints some eight months after the alleged sale occurred. The district court's orders granting defendants' motions to dismiss are reversed. We remand these two cases to district court for further proceedings.[2]

SHEPARD, C. J., and McFADDEN, BAKES, and BISTLINE, JJ., concur.

---

**2.** A decision to remand in this case raises no double jeopardy issue under the fifth amendment of the United States Constitution and art. 1, § 13 of the Idaho Constitution as this decision is made with respect to pretrial motions to dismiss before the district court empaneled a jury. *People v. Upshaw*, 13 Cal.3d 29, 117 Cal.Rptr. 668, 528 P.2d 756 (1974); *see United States v. Scott*, —— U.S. ——, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978).