606 P.2d 981

**STATE of Idaho, Plaintiff-Appellant,**

v.

**DeLynne KRUSE, Defendant-Respondent.**

No. 13073.

Supreme Court of Idaho.

Feb. 13, 1980.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Eugene A. Ritti, Deputy Attys. Gen., Boise, for plaintiff-appellant.

Mark W. Russell, Ketchum, for defendant-respondent.

Before DONALDSON, C. J., SHEPARD and BAKES, JJ., and THOMAS and MAYNARD, JJ., Pro Tem.

PER CURIAM:

Plaintiff-appellant, the State of Idaho, appeals from an order of the Fifth Judicial District Court dismissing an Information filed in Blaine County against the defendant-respondent, DeLynne Kruse. The Information charged the defendant Kruse with drawing a check without sufficient funds in violation of I.C. § 18–3106(b). Since the issue herein involves pre-accusatory delay, the following chronology of events is important.

On January 15, 1977, the check in question was uttered in Blaine County; two weeks later the defendant Kruse departed for Salt Lake City, Utah.

On March 10, 1977, the check was delivered into the custody of the Ketchum, Idaho, police department.

On April 26, 1977, the prosecuting attorney for Blaine County filed an unrelated embezzlement charge against Kruse.

On August 20, 1977, the check was forwarded by the Ketchum police into the prosecuting attorney's control.

On October 26, 1977, Kruse, having been located in Salt Lake City, Utah, earlier, and waiving extradition to Idaho, was bound over in Blaine County for trial on the embezzlement charge.

On December 6, 1977, defendant Kruse was arraigned on the embezzlement charge and trial was set for April 17, 1978; subsequently the trial, for good reason, was continued until May 2, 1978.

On April 27, 1978, a complaint was filed against Kruse on the check charge.

On May 2, 1978, the embezzlement charge against Kruse was dismissed because the key witness for the State had been committed to State Hospital South.

On June 15, 1978, the defendant was arraigned on the information setting out the bad check charge.

On July 7, 1978, after hearing defendant's motion to dismiss the information by reason of an undue pre-accusatory delay, the trial court did dismiss the information saying:

"It appears to the Court that substantial prejudice is shown by the facts that exist in this case, and the case is dismissed pursuant to the due process clause and Criminal Rule 48(b)(2)."

The parties stipulated that the foregoing sequence of events was correct. There was nothing else before the court; there were no affidavits supporting the motion.

The issue of pre-accusatory delay is covered by the decision of this Court in *State v. Wilbanks,* 95 Idaho 346, 509 P.2d 331 (1973) and followed by *State v. Murphy,* 99 Idaho 511, 584 P.2d 1236 (1978). This Court in *Wilbanks* adopted what was then determined to be the rule set out in *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

In the *Marion* case the United States Supreme Court noted that statutes of limitations, which provide predictable legislatively enacted limits on prosecutorial delay, provide "the primary guarantee against bringing overly stale criminal charges." 404 U.S. at 322, 92 S.Ct. at 464, 30 L.Ed.2d at 479; *United States v. Ewell,* 383 U.S. 116, 122, 86 S.Ct. 773, 777, 15 L.Ed.2d 627, 632 (1966); however, the Court did recognize that the statute of limitations does not

fully define defendants' rights as to events occurring prior to indictment and that the due process clause has a limited role to play in such matters.

In *State v. Wilbanks, supra,* this Court, following *Marion, supra,* held that before a due process violation can be found as to a pre-accusatory delay, a defendant must show that such delay caused substantial prejudice to defendant's right to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused.

Defendant-respondent takes the position that this Court has not gleaned the proper rule from the *Marion* case and would have the court review its position in the *Wilbanks* and *Murphy* cases noted above.

In *Murphy* this Court said:

". . . The language in *State v. Wilbanks, supra,* makes it clear that Idaho has adopted the two pronged analysis requiring the defendant to show both substantial prejudice and delay for tactical purposes." 99 Idaho at 514 n. 1, 584 P.2d at 1239 n. 1.

We observe that under either the rule set forth in *Wilbanks* and *Murphy,* or the interpretation urged upon us by the defendant-respondent, the requirement is that the defendant show prejudice by reason of any pre-accusatory delay.

Further,

". . . it is incumbent upon a defendant to affirmatively show actual prejudice and the effect of that prejudice upon his ability to present a defense. The latter proof must be definite and not speculative." *State v. Murphy, supra,* 99 Idaho at 515, 584 P.2d at 1240.

The showing made to the trial court in support of the motion to dismiss did not rise to the level of *definite* proof of prejudice. Failing such proof it was error for the trial court to dismiss the information. Furthermore, in a case where the specific issue involves the effect of a pre-accusatory delay there is no necessity to discuss the applicability of Idaho Criminal Rule 48(b)(2), since *Wilbanks* and *Murphy* delineate the boundaries of such effect.

Order of dismissal reversed.