IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36933

| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 663 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: October 7, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TIM MOSER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. John T. Mitchell, District Judge.

Order dismissing charges for delivery of a controlled substance and trafficking in methamphetamine, <u>reversed</u> <u>and</u> <u>remanded</u>.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Molly J. Huskey, State Appellate Public Defender; Erik H. Lehtinen, Deputy Appellate Public Defender, Boise, for respondent. Ian. H. Thomson argued.

_____

MELANSON, Judge

The State of Idaho appeals from the district court's order dismissing charges brought against Tim Moser for delivery of a controlled substance and trafficking in methamphetamine. For the reasons set forth below, we reverse and remand.

**I.**

**FACTS AND PROCEDURE**

Moser was charged with delivery of a controlled substance, I.C. §§ 37-2732(a)(1)(A) and 18-204, and trafficking in methamphetamine, I.C. §§ 37-2732B(a)(4), 19-2111, 18-204, and 18-1701. The charges stemmed from a controlled drug buy involving a confidential informant. At a preliminary hearing, the state did not call the confidential informant as a witness and the magistrate dismissed the charges for lack of probable cause. The state promptly had Moser rearrested and refiled the charges. At a preliminary hearing before a different magistrate, the state presented additional evidence in the form of testimony from the confidential informant who

1

was involved in the transaction. The magistrate found that probable cause existed and bound Moser over to the district court on the felony charges. Moser filed a motion to dismiss on the basis that his due process rights were violated because the state had refiled the charges in bad faith or, alternatively, without good cause. The district court granted Moser's motion to dismiss, reasoning that the state had not shown a good faith basis to believe that the magistrate erred at the first preliminary hearing because the state had not presented any newly discovered evidence justifying refiling the charges. The state appeals.

## II.

## ANALYSIS

The filing of a subsequent criminal complaint following dismissal of the original criminal complaint after preliminary proceedings is not a per se violation of due process. *Stockwell v. State*, 98 Idaho 797, 805, 573 P.2d 116, 124 (1977). A criminal complaint may be refiled when the state believes, in good faith, that the magistrate committed error in dismissing the case. *Id*. at 806, 573 P.2d at 125. The state can demonstrate good faith by producing additional evidence or by showing the existence of other good cause for the refiling. *Id*. However, the dismissal and refiling of criminal complaints by the prosecutor can violate a defendant's right to due process when done for the purpose of harassment, delay, or forum-shopping. *State v. Bacon*, 117 Idaho 679, 683, 791 P.2d 429, 433 (1990); *Stockwell*, 98 Idaho at 806, 573 P.2d at 125. Preaccusation delay will constitute a violation of due process only if it caused substantial prejudice to the defendant's right to a fair trial and the delay was a deliberate device to gain an advantage over the accused. *State v. Kruse*, 100 Idaho 877, 879, 606 P.2d 981, 983 (1980); *State v. Burchard*, 123 Idaho 382, 386, 848 P.2d 440, 444 (Ct. App. 1993).

Moser argues that his due process rights were violated because the refiling of the criminal complaint was done for the purpose of harassment, delay, or forum-shopping. On an appeal from a motion to dismiss, this Court will review the entire record. *See State v. Cook*, 146 Idaho 261, 263, 192 P.3d 1085, 1087 (Ct. App. 2008). Here, the record does not suggest that the refiling was done for the purpose of harassment, delay, or forum-shopping. The complaint was subsequently refiled only once before a new magistrate, not multiple times. There is no evidence that the state's purpose in refiling was forum-shopping. In addition, the refiling caused very little delay because the second complaint was filed only one day after the first complaint was

2

dismissed. Therefore, the record demonstrates that the refiling was not done for the purpose of harassment, delay, forum-shopping, or any other improper purpose.

Moser also argues that the state did not refile in good faith because it failed to produce any newly discovered evidence at the second preliminary hearing. Moser maintains that the state failed the good faith basis test as set forth in *Stockwell* because the confidential informant was available and could have been called to testify at the first preliminary hearing. The district court agreed with Moser's argument, holding:

> [The] motion to dismiss was filed two weeks ago by the defendant, and there's been no brief submitted in response, no affidavit submitted [by the state] . . . to tell me about what the new evidence is, and there's every indication in the file that there is no new evidence, that the confidential informant was known, that the confidential informant was on probation and obviously could be found.
> The State's at no time made any sort of claim . . . that the confidential informant was simply not available on the 21st or the 22nd of May, so not being able to establish that the witness was unavailable, there is no new evidence that could justify the re-filing of the charges.

We disagree that the state must present newly discovered evidence in order to act in good faith. *Stockwell* provides that, without the production of additional evidence or the existence of other good cause, the practice of refiling a complaint against a defendant can become a form of harassment that may violate his or her due process rights. *Stockwell*, 98 Idaho at 806, 573 P.2d at 125. Contrary to the district court's holding, *Stockwell* does not require that the evidence presented be entirely new and previously undiscovered. Despite the state's lack of preparation and inability to articulate to the district court the reasons for the refiling, it is apparent from the record that the state had a good faith basis for refiling its complaint against Moser. The record reveals that the reason for the refiling was to present additional evidence in the form of testimony by the confidential informant. It is immaterial that the informant was available at the first hearing because the *Stockwell* test for finding a good faith basis for refiling may be satisfied by additional evidence, not just newly discovered evidence. To hold otherwise would require the state to make its entire trial presentation at the preliminary hearing or run the risk of a magistrate finding that something less than the entire presentation fell short of probable cause. In such a case, the state would be left without recourse unless it had the good fortune of discovering some bit of evidence, however insignificant, that was previously unknown. Therefore, the district court erred in holding that the state lacked a good faith basis for refiling the complaint against

Moser because it did not present new, previously unknown evidence at the second preliminary hearing.

### III.
### CONCLUSION

The district court erred in holding that the state acted in bad faith because it had failed to present newly discovered evidence at the second preliminary hearing. Accordingly, the district court's order dismissing charges brought against Moser for delivery of a controlled substance and trafficking in methamphetamine is reversed, and the case is remanded for further proceedings.

Chief Judge LANSING and Judge GRATTON, **CONCUR.**