# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 40898 & 40901

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 751 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 7, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JERRY LEONARD ELLIS, II, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Orders revoking probation and executing previously suspended sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jerry Leonard Ellis, II appeals from the district court's orders revoking his probation and requiring execution of his three and one-half-year indeterminate sentence and concurrent sentence of ten years, with a minimum period of confinement of five years, for two counts of felony driving under the influence. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURES

In Docket No. 40901, Ellis pled guilty to felony driving under the influence of alcohol (DUI). I.C. § 18-8004. In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Ellis to an indeterminate term of three and one-half years, suspended the sentence, and placed Ellis on probation for the same period. Ellis violated his probation a number of times, participated in the retained jurisdiction program, and was placed back on probation.

1

In Docket No. 40898, Ellis pled guilty to felony DUI. I.C §§ 18-8004, 18-8005. In exchange for his guilty plea, an allegation that Ellis was a persistent violator was dismissed. The district court sentenced Ellis to a concurrent ten-year term, with a minimum period of confinement of five years, suspended the sentence, and placed Ellis on probation.

Thereafter, the state filed a report alleging that Ellis violated his probation in both cases. At an admit/deny hearing before the district court, Ellis admitted to violating the terms of his probation in both cases. Ellis sought a continuance in order to obtain an updated mental health evaluation. Ellis claimed he was not feeling well on his medication that particular day and, specifically, that he was feeling extremely overwhelmed. The district court explained that Ellis was receiving his medication in jail and that neither the district court, the state, nor those responsible for Ellis's regular treatment was aware of any complaint, prior to the hearing, that Ellis was not feeling stable on his medication.[1] The district court further explained that there was a difference between not feeling well and being incompetent and that it found no evidence that there was a lack of competency or an inability to assist counsel. Explaining that it had reviewed Ellis's file and believed that there was a pattern of delay every time there was a prospect of prison, the district court did not find Ellis's complaint credible and, therefore, denied Ellis's motion for continuance.

Ellis then sought a continuance to obtain private counsel, which the district court denied, again explaining that it believed Ellis's request was a delay tactic. Ellis wanted to continue the disposition portion of the hearing because his witnesses were not at the hearing to testify on his behalf. The district court allowed Ellis to make an offer of proof, accepted the offer of proof as evidence, revoked probation, and ordered execution of Ellis's previously suspended sentences. Ellis appeals contending that, at the hearing, the district court abused its discretion in denying his motion for continuance to obtain private counsel and violated his due process rights.

## II.

## ANALYSIS

### A. Motion for Continuance

Ellis argues that the district court abused its discretion in denying his motion for continuance to obtain private counsel. The decision to grant a motion for a continuance rests

---

[1] It appears that Ellis had been terminated from mental health court two weeks prior to the hearing.

2

within the sound discretion of the trial court. *State v. Ransom*, 124 Idaho 703, 706, 864 P.2d 149, 152 (1993). When a trial court's discretionary decision in a criminal case is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Generally, it has been held that unless an appellant shows that his or her substantial rights have been prejudiced by reason of a denial of his or her motion for continuance, appellate courts can only conclude that there was no abuse of discretion. *State v. Cagle*, 126 Idaho 794, 797, 891 P.2d 1054, 1057 (Ct. App. 1995).

At the hearing, Ellis sought a continuance in order to obtain private counsel. Ellis explained that he had spoken to private counsel who told Ellis to seek a continuance until counsel was available to represent Ellis in the matter, approximately eighteen days later. The Sixth Amendment to the United States Constitution and Article I, Section 13 of the Idaho Constitution guarantee the right to counsel. The right to counsel does not necessarily mean a right to the attorney of one's choice. *State v. Clark*, 115 Idaho 1056, 1058, 772 P.2d 263, 265 (Ct. App. 1989). Mere lack of confidence in otherwise competent counsel is not necessarily grounds for substitute counsel in the absence of extraordinary circumstances. *State v. McCabe*, 101 Idaho 727, 729, 620 P.2d 300, 302 (1980); *State v. Peck*, 130 Idaho 711, 713, 946 P.2d 1351, 1353 (Ct. App. 1997). Where a defendant seeks new counsel, several factors are relevant: the timing of the motion; the requested length of delay, including whether the delay is an attempt to manipulate the proceedings; the number, if any, of similar continuances sought by the defendant; inconvenience to witnesses; any prejudice to the prosecution; whether an irreconcilable conflict exists between the accused and counsel; and the qualifications possessed by present counsel. *State v. Carman*, 114 Idaho 791, 793, 760 P.2d 1207, 1209 (1988).

In this case, it appears the district court believed the motion for continuance to obtain private counsel was an attempt to manipulate the proceedings, which is supported by Ellis's multiple requests for a continuance at the hearing. The district court explained that "every time you've had a probation violation where prison is the recommendation you managed to draw it out into a six, seven, eight month ordeal before you even go on a rider, and you showed every

3

ability to do that here again today." The district court further explained that Ellis already had an attorney, who was present at the hearing, and that Ellis's claim that he wanted private counsel "was made . . . for no other reason than to create delay." Further, there was no evidence presented to the district court of any conflict between Ellis and his counsel supporting his request for substitute counsel. The district court properly weighed the factors relevant to Ellis's case and ultimately exercised its discretion to deny Ellis's motion for continuance to obtain private counsel. Ellis has failed to show that the district court abused its discretion in denying his motion for continuance to obtain private counsel, and thus the district court did not err in denying Ellis's motion.

**B.     Due Process**

Ellis argues that he was deprived of due process because he did not have adequate notice of the nature of the hearing in order to prepare a defense. Specifically, Ellis contends that he was not notified that the admit/deny hearing would also include the probation revocation hearing. As a result, Ellis's witnesses were not present at the hearing. Due process requires that a defendant be given a fair opportunity to defend against the state's accusations. *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.* To support a due process claim, it is incumbent upon a defendant to affirmatively show actual prejudice and the effect of that prejudice upon his or her ability to present a defense. *State v. Murphy*, 99 Idaho 511, 515, 584 P.2d 1236, 1240 (1978); *State v. Averett*, 142 Idaho 879, 885, 136 P.3d 350, 356 (Ct. App. 2006). The proof of this prejudice must be definite and not speculative. *Murphy*, 99 Idaho at 515, 584 P.2d at 1240; *Averett*, 142 Idaho at 885, 136 P.3d at 356. To establish error from the denial of a continuance that was sought because of a witness's absence, a defendant must show, among other things, that the witness's testimony would have been material to his or her defense. *State v. Waggoner*, 124 Idaho 716, 722-23, 864 P.2d 162, 168-69 (Ct. App. 1993).

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct.

4

App. 2005).  Where a defendant meets his or her initial burden of showing that a constitutional violation has occurred, the state has the burden of demonstrating to the appellate court beyond a reasonable doubt that the violation did not contribute to the jury's verdict.  *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010).  However, where the error in question is a constitutional violation that affects the base structure of the trial to the point that the trial cannot serve its function as a vehicle for the determination of guilt or innocence, the appellate court shall vacate and remand.  *Id.*  Such structural defects include the complete denial of counsel, a biased trial judge, denial of self-representation, denial of a public trial, defective reasonable doubt instruction, and erroneous deprivation of the right to counsel of choice.  *Id.* at 222-23, 245 P.3d at 974-75.  Although structural defects require automatic reversal, most constitutional violations will be subject to a harmless error analysis.  *Neder v. United States*, 527 U.S. 1, 8 (1999).

At the hearing, Ellis explained that his witnesses were not available because Ellis only expected the hearing to be an "admit/deny" hearing, not evidentiary, so the witnesses were not present.  The district court asked Ellis to make an offer of proof regarding the witnesses' testimonies.  Ellis explained that his mother was expected to testify to how well Ellis had done, whether she believed he would be a threat to the community, and to discuss the allegations that Ellis had been driving while intoxicated.  Ellis also explained that his sponsor would testify that Ellis had "been clean and [had] been working the steps," we assume related to participation in a substance abuse recovery program.

Even if the district court erred by failing to notify Ellis of the nature of the proceedings, it was irreversible harmless error because Ellis was not prejudiced by the absence of his witnesses. The district court was clear that its decision to revoke Ellis's probation and impose the previously suspended sentences was based entirely upon public safety concerns.  The district court described Ellis's considerable history of DUIs and driving without privileges and explained that Ellis's sentences were being imposed because Ellis admittedly drove without privileges. Ellis's offer of proof, which was accepted by the district court, provided no evidence that he was not a public safety concern, except Ellis's mother's opinion on the matter.  Thus, even if the witnesses had been available and testified according to Ellis's offer of proof, Ellis has failed to show that the testimonies would have had any effect on the district court's decision, which was made having accepted the offer of proof as evidence and having taken the evidence into

5

consideration when the district court made its ruling. Therefore, Ellis was not prejudiced and, if the district court violated Ellis's due process right, the error was irreversible harmless error.

## III.
## CONCLUSION

Ellis failed to show that the district court abused its discretion in denying Ellis's motion for continuance. In addition, Ellis was not prejudiced by the absence of his witnesses from the hearing. Therefore, we affirm the district court's orders revoking Ellis's probation and requiring execution of his previously suspended sentences for two counts of DUI.

Judge GRATTON, **CONCURS.**

Judge LANSING, **DISSENTS.**