# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44273

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Opinion No. 31 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 27, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| DUSTIN JADE MORGAN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Orders denying motion to dismiss and motion to reconsider, reversed; and judgment of conviction, vacated and case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant. Jason C. Pintler argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

---

HUSKEY, Judge

Dustin Jade Morgan appeals from his judgment of conviction and argues the district court erred when it denied Morgan's motion to dismiss.[1] Because the district court used the wrong legal authority and the incorrect standard when ruling on Morgan's motion to dismiss and motion to reconsider, we reverse the orders denying the motion to dismiss and the motion to reconsider, vacate the judgment of conviction, and remand this case to the district court for further proceedings consistent with this opinion. Furthermore, since the district court did not make

---

[1] Morgan and the State routinely direct their arguments on appeal to the defendant's motion to dismiss. Because both parties provide argument and authority regarding the court's denial of Morgan's motion for the court to correct the record and reconsider or, in the alternative, a second motion to dismiss, that issue will also be addressed. Although appellant's analysis refers to the motion to reconsider as the "second motion to dismiss," the district court issued its response solely on the "defendant's motion to reconsider."

1

sufficient factual findings regarding the 2010 Montana proceedings, we cannot determine whether Morgan was arrested in 2010 or, if so, whether there was good cause for the delay.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 1, 2009,[2] an Idaho police officer pursued a vehicle driven by Morgan but the vehicle successfully eluded the officer's pursuit. On January 11, 2010, the State filed a criminal complaint against Morgan, alleging felony eluding and misdemeanor driving without privileges.[3] That day, the State filed an affidavit of probable cause for warrant of arrest. The district court issued the arrest warrant. On January 21, 2010, Morgan was taken into custody in Lake County, Montana, and the State of Montana also filed a complaint and affidavit under the Uniform Criminal Extradition Act. The Montana complaint indicated Morgan was charged in Idaho with felony eluding and misdemeanor driving without privileges, and Morgan was in Lake County jail pursuant to an Idaho warrant. A Montana Justice of the Peace ordered Morgan to remain in custody for thirty days, from January 21 to February 20, 2010.

On February 23, 2010, a Montana Justice of the Peace filed an order for Morgan's release, and the State of Idaho dismissed the Idaho charges. On February 24, 2010, the State of Idaho filed a new criminal complaint against Morgan with the same allegations.[4] Idaho also filed a new affidavit of probable cause which was identical to the first affidavit. The new Idaho warrant was issued. Montana received the warrant on February 26, 2010, and a Montana Justice of the Peace committed Morgan for another thirty days, from February 26 to March 28, 2010. On March 4, 2010, the Governor of Idaho issued an application for requisition to Montana which requested that Morgan be arrested, secured, and delivered to Idaho. Morgan and the Montana Department of Correction received the Idaho Governor's application for requisition on April 9, 2010. The Montana court dismissed the extradition proceedings on May 20, 2010, since Morgan indicated a willingness to waive the extradition. On the same day, the Montana court

---

[2]    The district court's order denying defendant's motion to dismiss indicated the events in this case occurred on December 1, 2009. This date also appears in Morgan's memorandum in support of motion to dismiss. In contrast, the State's affidavit of probable cause for warrant of arrest notes the date at issue is December 21, 2009. The State's information also uses December 21, 2009. Although we recognize the conflict, we use the district court's findings.

[3]    The first case number was CR-2010-81.

[4]    The second case number was CR-2010-550.

sentenced Morgan to fifteen years, with ten years suspended, for two Montana felony charges that were unrelated to the Idaho charges. The fugitive case in Montana was dismissed.

Morgan was released from the Montana Department of Correction on April 7, 2015.[5] On May 18, 2015, Morgan was arrested in Idaho on the CR-2010-550 warrant involving the 2010 charges. The State filed an information on July 24, 2015, that charged Morgan with felony eluding, Idaho Code § 49-1404(2)(a), and misdemeanor driving without privileges, I.C. § 18-8001(5). Morgan filed a motion to dismiss the information, arguing the State failed to obtain an indictment or information within six months of his arrest, in violation of I.C. § 19-3501. Morgan asserted the information should have been filed within six months of January 21, 2010,[6] when arguably a warrantless arrest was effectuated, or May 20, 2010, when Morgan waived extradition to Idaho. In response, the State argued the right to a speedy trial did not apply until Morgan was arrested in Idaho, which occurred in May 2015. The State argued that because the arrest occurred in 2015 rather than 2010, the State properly filed the information within the six-month timeframe. The district court entered an order denying in part and granting in part the defendant's motion to dismiss--denying the motion as related to the eluding charge, but granting the motion for the driving without privileges charge.

Morgan filed a motion for the district court to correct the record and reconsider or, in the alternative, a second motion to dismiss. Morgan asserted the court mistakenly relied upon the Interstate Agreement on Detainers Act as the basis for its analysis and failed to find that Morgan was arrested in 2010. The State objected to Morgan's motion on the grounds that the arrest occurred in May 2015, which meant the July 2015 information was well within the six-month deadline. The district court denied the defendant's motion to reconsider. The court determined the Interstate Agreement on Detainers Act applied, and in the alternative, the pre-indictment delay did not amount to a denial of due process under I.C. § 19-3501. The court explained that Morgan failed to show that the delay "substantially prejudiced the defendant or that the delay was a tactical decision made by the prosecution."

---

[5] Although the district court says Morgan's release occurred on May 12, 2015, the parties later stipulated that Morgan was released from Montana custody on April 7, 2015. The record also indicates that Morgan received a travel permit on April 3, 2015, which allowed him to return to Idaho.

[6] On appeal, Morgan no longer argues the arrest date was January 21, 2010. Instead, Morgan states he was arrested on February 26, 2010, when he was brought by Montana law enforcement officers in front of a Montana judge.

3

Morgan pleaded guilty to felony eluding, conditioned upon his ability to challenge the district court's denial of his motion to dismiss. Morgan was sentenced to a suspended unified term of five years, with three years determinate, and placed on probation. Morgan timely appeals.

## II.

## STANDARD OF REVIEW

Whether there was an infringement of a defendant's right to speedy trial presents a mixed question of law and fact. *State v. Clark*, 135 Idaho 255, 257, 16 P.3d 931, 933 (2000). We will defer to the trial court's findings of fact if supported by substantial and competent evidence; however, we will exercise free review of the trial court's conclusions of law. *Id.*

Idaho Code § 19-3501(1) sets specific time limits within which a criminal defendant must be brought to trial and provides:

> The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:
> (1)     When a person has been held to answer for a public offense, if an indictment or information is not found against him and filed with the court within six (6) months from the date of his arrest.

Under I.C. § 19-3501, criminal defendants are given additional protection beyond what is required by the United States and Idaho Constitutions. *Clark*, 135 Idaho at 258, 16 P.3d at 934. Idaho Code § 19-3501 mandates that unless the State can demonstrate good cause for a delay greater than six months, the court must dismiss the case. Good cause means that there is a substantial reason that rises to the level of a legal excuse for the delay. *Clark*, 135 Idaho at 260, 16 P.3d at 936. In determining whether good cause exists, the district court may consider the following additional factors insofar as they bear on the sufficiency or strength of the reason for the delay: (1) the length of the delay; (2) whether the defendant asserted the right to a speedy trial; and (3) the prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Clark*, 135 Idaho at 258-60, 16 P.3d at 934-36. If the reason for the delay is sufficient, these factors are not needed; if the reason for the delay is insufficient, the other factors will not avail to avoid dismissal. *See Clark*, 135 Idaho at 260, 16 P.3d at 936.

## III.

## ANALYSIS

Morgan argues the district court erred when it denied his motion to dismiss. On appeal, Morgan asserts the district court erred for four reasons: (1) the Interstate Agreement on

4

Detainers Act does not apply; (2) Idaho Code § 19-3501(1) does not require that Morgan show he was prejudiced by a delay or that a delay was a tactical decision; (3) Morgan was arrested when he was taken to appear in front of a Montana judge; and (4) the State failed to obtain an information or an indictment within six months of the arrest. We will address the arguments in turn.

## A.     The Interstate Agreement on Detainers Act Does Not Apply

The district court denied Morgan's motion to dismiss on the grounds that Morgan was a fugitive under the Interstate Agreement on Detainers Act, codified in I.C. §§ 19-5001 to -5008. The court found that Morgan could not invoke the speedy trial provision because he failed to properly request a final disposition, pursuant to the Interstate Agreement on Detainers Act. On appeal, Morgan asserts--and the State agrees--that the Interstate Agreement on Detainers Act does not provide a basis to deny Morgan's motion. Similarly, at trial, the State did not dispute Morgan's argument on the issue. Notwithstanding the district court's holding in denying Morgan's motion to dismiss and motion to reconsider, we determine the Interstate Agreement on Detainers Act is inapplicable in this case. The district court erred in reliance on the Interstate Agreement on Detainers Act to deny Morgan's motion.

## B.     The District Court Used the Incorrect Standard When Considering Idaho Code § 19-3501(1)

Morgan argues the district court utilized an incorrect standard in denying his motion, and therefore, issued an irrelevant finding. In its order denying Morgan's motion to reconsider, the district court explained, in the event the Interstate Agreement on Detainers Act did not apply, "under Idaho Code § 19-3501 the pre-indictment delay would not amount to a denial of the due process of law requiring a speedy trial." To support its conclusion, the district court used the standard for pre-accusatory delay:

> Before a court can find a due process violation, the Defendant must show that the delay "caused substantial prejudice to [the defendant's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." *United States v. Marion*, 404 U.S. 307, 324 (1971). *See State v. Murphy*, 99 Idaho 511, 514 (1978). The determination of whether the right to speedy trial has been denied is an issue within the trial court's discretion. *State v. Lund*, 124 Idaho 290, 292 (Ct. App. 1993).

The district court then concluded that Morgan failed to show substantial prejudice or that the delay was a tactical decision in this case.

5

Pre-accusatory delay describes the period of time after a crime is committed, but prior to any accusation. As the Idaho Supreme Court explained in *Murphy*, the pre-accusatory delay standard used in *Marion* only applies to cases that involve delay prior to a defendant being accused of a crime. *Murphy*, 99 Idaho at 514, 584 P.2d at 1239. The Supreme Court in *Marion* suggested a defendant is "accused" not only when he is indicted, but also when he is arrested, charged, or otherwise subjected to formal restraint. *Marion*, 404 U.S. at 325. Idaho courts adopted a similar position by interpreting *Marion* as follows: "The recent United States Supreme Court case of *United States v. Marion* held that the speedy trial right is activated at the point when a defendant formally becomes an 'accused,' whether that be by arrest, the filing of a complaint, or by indictment or information." *State v. Wilbanks*, 95 Idaho 346, 350, 509 P.2d 331, 335 (1973).

If a delay occurs after the defendant is accused, but before the information or indictment is filed, then the case involves the denial of a speedy trial under the Sixth Amendment, which invokes a different standard. The Supreme Court has adopted a four-part test to determine whether a Sixth Amendment violation of the right to a speedy trial has occurred: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted the right to a speedy trial; and (4) the prejudice to the defendant. *Clark*, 135 Idaho at 258, 16 P.3d at 934. Morgan argues the delay in this case occurred after Morgan was accused of committing a crime, and thus, the district court should have used the four-part test enunciated in *Clark*. We agree that the four-part test from *Clark* is appropriate here because the delay was not between the alleged acts and the filing of the complaint. Instead, any delay in this case occurred after Morgan was charged but before an information or indictment was issued.

Because there was no pre-accusatory delay in Morgan's case, the district court used the incorrect legal standard when it analyzed Morgan's motion to dismiss. First, methods other than filing an indictment or information can signify that a defendant is "accused." In the district court's order, it appears the court mistakenly focused on the date the information was filed. The court analyzed the case according to Morgan's "pre-indictment delay." However, the United States Supreme Court provided language in its *Marion* opinion--and Idaho courts have adopted this language--that a defendant is "accused" at the point of arrest, the filing of a complaint, or by indictment or information. *See Marion*, 404 U.S. at 325; *Wilbanks*, 95 Idaho at 350, 509 P.2d at 335. It is inaccurate to analyze the delay in this case pursuant only to the State's information

6

filed in July 2015. While Morgan may have been "accused" in February 2010 because the State filed a criminal complaint and issued a warrant for Morgan's arrest in February 2010, the district court made no factual findings on this issue.

Second, because Morgan was charged in early 2010, there was not a consequential delay between the alleged act and the date Morgan was charged with the offense. Morgan eluded a police officer on December 1, 2009. The State filed a criminal complaint and an affidavit of probable cause for an arrest warrant on February 24, 2010.[7] Although Morgan and the State disagree about the exact date of Morgan's "arrest" in Idaho, the arrest date is not necessarily dispositive in a pre-accusatory delay analysis. Instead, the relevant date is the date Morgan was accused (by whatever method) of committing a crime.

In fact, no Idaho court has used the *Marion* standard for pre-accusatory delay in a case where only three months pass between the crime and the accusation. *See State v. Martinez*, 125 Idaho 445, 446, 872 P.2d 708, 709 (1994) (where the State filed an indictment in December 1989 for a June 1979 murder); *State v. Kruse*, 100 Idaho 877, 878, 606 P.2d 981, 982 (1980) (where the State filed a complaint in December 1977 for drawing a check without sufficient funds in January 1977); *State v. Averett*, 142 Idaho 879, 882-84, 136 P.3d 350, 353-55 (Ct. App. 2006) (where the defendant was suspected of manufacturing a controlled substance in December 2000, arrested in January 2001, but the charges were dropped until the State refiled charges in October 2001); *State v. Davis*, 141 Idaho 828, 834-35, 118 P.3d 160, 166-67 (Ct. App. 2005) (where although an arrest occurred the same day in October 2002 as a DUI offense, the State dismissed the charge, only to refile a complaint in September 2003); *State v. Burchard*, 123 Idaho 382, 383, 848 P.2d 440, 441 (Ct. App. 1993) (where the State filed an indictment in July 1990 for securities fraud acts from November 1985 through February 1986). Here, a complaint was filed three months after the crime occurred, and thus, the three months between the eluding crime and the criminal complaint did not constitute a "delay" sufficient to trigger the pre-accusatory delay standard.

---

[7]    The record indicates that the first criminal complaint and affidavit of probable cause for warrant of arrest were subscribed and sworn on January 11, 2010, and originally file-stamped on January 11, 2010. However, the initial case was dismissed in Idaho, and then a second complaint and affidavit were filed on February 24, 2010.

**C.      The District Court Did Not Make Sufficient Factual Findings to Allow This Court to Determine Whether Morgan Was Arrested in 2010**

Morgan and the State disagree as to the exact date when Morgan was arrested.  Morgan argues he was arrested in 2010 when he was held in custody by Montana officers and taken in front of the Montana judge.  The State asserts the arrest did not occur until 2015.  Without additional factual findings from the district court, we cannot make a legal determination as to whether Morgan was arrested in Montana in 2010.

Regarding the events in Montana, the district court made the following factual findings:

Before the Idaho warrant was served, Defendant was taken into custody in Lake County, Montana on January 21, 2010.  The State sent the Montana Department of Corrections a copy of the arrest warrant.  The State dismissed the Idaho case on February 23, 2010.

On February 24, 2010, the Court opened case number CR-2010-550 when the State filed a second criminal complaint against the Defendant charging Felony Eluding and Driving without Privileges, the same charges in the previously dismissed case.  Another warrant was issued and bond set at $10,000.  A new Idaho warrant was issued in case number CR-2010-550 and was received by Montana on February 26, 2010.  On March 4, 2010, the Governor of the State of Idaho issued an application for requisition ("Governor's Warrant") to Montana, to detain the Defendant on the Idaho charges.  On April 9, 2010, the Montana Department of Corrections and the Defendant received the Governor's warrant.

On May 20, 2010, Defendant was sentenced to fifteen years with ten years suspended in Montana on charges unrelated to the Idaho charges.  At the hearing, the Defendant indicated a willingness to waive extradition.  The fugitive case in Montana was dismissed in light of Defendant's willingness to waive extradition.

These findings fail to indicate precisely why Morgan was taken into custody and the role of the Idaho warrant.  They also fail to indicate if the second Idaho warrant was a reason to continue holding Morgan in custody in Montana.  Additionally, there is no determination regarding whether Morgan was subject to a warrantless arrest or the effect of Montana receiving the Governor's warrant.  We therefore cannot determine if an arrest, warrantless or otherwise, occurred in 2010 because of the lack of factual findings by the district court.

For the 2015 events in Idaho, the district court issued the following factual finding:  "On May 18, 2015, Defendant was arrested on a warrant in this criminal case (CR-2010-550) in Bannock County, Idaho and was subsequently transferred to the Mini-Cassia Criminal Justice Center."  Unlike the 2010 events, the district court clearly found that Morgan was arrested in Idaho in 2015.  Nevertheless, this factual finding is not dispositive on the issue on appeal--

8

whether Morgan was arrested in Montana in 2010. As such, we lack a sufficient factual record to determine the concomitant legal issues.

**D.     The District Court Failed to Analyze the Length and Reason for Delay, and the State Failed to Explain Good Cause for Any Delay**

The final question in this case is whether the State filed an information or an indictment within six months of Morgan's arrest. If the State did not file an information within six months of the arrest, then the district court must dismiss the prosecution unless the State shows good cause for the delay. I.C. § 19-3501(1). We cannot analyze this question because we do not have enough information to decide whether Morgan was arrested in 2010. The district court not only failed to issue factual findings regarding the length of the delay, but the court also failed to consider the reason for the delay, which is essential to analyze whether there was a Sixth Amendment violation of the right to a speedy trial under *Clark*. Similarly, the State failed to argue there was good cause for the delay. At the district court, the State did not provide arguments that would justify any delay. On appeal, the State asserts for the first time that I.C. § 19-3501 does not require the State to argue good cause, and in the alternative, that any delay was justified by Morgan being in custody in Montana. We find these arguments to be insufficient, and yet the impact of their inadequacy depends again on whether Morgan was under arrest in 2010.

We cannot issue a decision regarding the date of Morgan's arrest, since we do not have sufficient facts on appeal. Because we cannot determine whether Morgan was arrested in Montana in 2010, we cannot consider whether there was good cause for any such delay beyond six months. Therefore, we reverse the orders denying the motion to dismiss and the motion to reconsider, vacate the judgment of conviction, and remand this case to the district court.

## IV.

## CONCLUSION

The district court used the incorrect legal authority and standard when ruling on Morgan's motion to dismiss and motion to reconsider. As a result, we reverse the orders denying the motion to dismiss and the motion to reconsider, vacate the judgment of conviction, and remand this case to the district court for further proceedings consistent with this opinion. Additionally, because the district court did not make sufficient factual findings regarding the

9

2010 Montana proceedings, we cannot determine whether Morgan was arrested in 2010 or, if so, whether there was good cause for the delay.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.